IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RONNIE LEE THUMS,

    Petitioner,

v.

SUSAN NOVAK, Warden,
Columbia Correctional Institution,

    Respondent.

ORDER

16-cv-861-wmc

Ronnie Thums has filed a motion for reconsideration of this court's order denying his application for habeas corpus relief from his state court conviction for solicitation of first-degree intentional homicide, conspiracy to commit first-degree intentional homicide, and two counts of solicitation of burglary of a dwelling.  (10/20/20 Order (dkt. #31).)  Construing petitioner's motion as one for reconsideration under Rule 59(e), this court may review the merits of and "rectify its own mistakes in the period immediately following" its decision.  *Banister v. Davis*, -- U.S. --, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)).[1]  However, to prevail under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact.  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  "A 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id*. (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D.Ill.1997)).

---

[1] Although it appears that petitioner has appealed the court's October 22, 2020, order already, the court will address this motion so that it may be addressed together under Fed. R. App. P. 4(a)(4()(B)(i).

1

Here, petitioner seeks reconsideration of the following conclusions: (1) Thums' claim that Judge Lister had two, *ex parte* conversations with the jury had no merit; (2) Judge Lister's denial of Thums' motion for recusal was an appealable order; and (3) Thums procedurally defaulted numerous claims of prosecutorial misconduct and ineffective assistance of trial counsel. For the most part, Thums' arguments simply restate arguments that this court already rejected or are beside the point. Regardless, he has provided no good grounds to reconsider the court's October 20, 2020, order.

In particular, whether Thums could have appealed Judge Lister's denial of his recusal motion was largely a moot point, since this court went on to discuss the substance of Thums' *ex parte* communication challenge at length and found it lacking on the merits as well. Since nothing in Thums' reconsideration motion persuades the court that it erred in that determination, both of these grounds for reconsideration fail.

As for his other defaulted claims of prosecutorial misconduct and ineffective assistance of counsel, Thums argues that this court erred in finding that the prison's copying delays were insufficient to excuse his failure to file a timely petition for review in the Wisconsin Supreme Court. Once again, nothing in Thums' motion convinces the court that it reached that conclusion in error. Moreover, Thums' failure to file a timely petition for review was not his only procedural default. As this court noted, he also defaulted these claims by failing to comply with Wisconsin's procedural rules.

Specifically, the Wisconsin Court of Appeals found these claims were barred under Wis. Stat. § 974.06(4) and *State v. Lo*, 2003 WI 107, ¶ 15, 264 Wis. 2d 1, 665 N.W. 2d 756, because: (1) Thums failed to raise them in his initial post-conviction motion or on

2

direct appeal; and (2) he failed in his § 974.06 motion to allege more than conclusory facts to show that the omitted claims were "clearly stronger" than the claims his post-conviction lawyer did raise. *State v. Thums*, No. 2014AP2767, 2015 WL 13157971, at *2-*3 (Wis. Ct. App. Dec. 9, 2015) (summary disposition) (citing *State v. Romero–Georgana*, 2014 WI 83, ¶ 4, 360 Wis. 2d 522, 849 N.W.2d 668 ("[A] defendant who alleges in a [Wis. Stat.] § 974.06 motion that his postconviction counsel was ineffective for failing to bring certain viable claims must demonstrate that the claims he wishes to bring are clearly stronger than the claims postconviction counsel actually brought.")). Since the Seventh Circuit has held that Wisconsin's rule requiring motions under Wis. Stat. § 974.06 be supported by more than conclusory allegations is an independent and adequate state procedural rule barring federal review of the claims, *Lee v. Foster*, 750 F.3d 687, 693-94 (7th Cir. 2014) (discussing *State v. Allen,* 274 Wis.2d 568, 682 N.W.2d 433 (2004)), this court had no choice but to uphold the Wisconsin Court of Appeals' ruling of procedural default without regard to whether its review "was proper on the merits." *Id*. at 694.

Accordingly, Thums has wholly failed to show that this court committed any manifest errors of law or fact in denying his application for federal habeas relief, and his motion for reconsideration must be denied.

ORDER

IT IS ORDERED that Ronnie Thums' motion for reconsideration (dkt. #37) is DENIED.

Entered this 23rd day of March, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge